UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
Civil No. 05-2569(DSD/JJG)

Joseph Ramirez,

    Plaintiff,

v.      **ORDER**

Midwest Coca-Cola Bottling
Company and Local Union No. 792
International Brotherhood
of Teamsters,

    Defendants.

    Joseph Ramirez, 5837 42nd Avenue South, Minneapolis, MN 55417, pro se.

    William G. Trumpeter, Esq., Ian K. Leavy, Esq. and Miller & Martin, 832 Georgia Avenue, Suite 1000, Chattanooga, TN 37402 and Timothy J. Nolan, Esq. and Rider Bennett, 33 South Sixth Street, Suite 4900, Minneapolis, MN 55402, counsel for Midwest Coca-Cola.

    Richard L. Kaspari, Esq. and Metcalf, Kaspari, Howard, Engdahl & Lazarus, 1660 South Highway 100, Suite 333, Minneapolis, MN 55416, counsel for Local Union No. 792.

    This matter is before the court upon defendants' motions for summary judgment. Based upon a review of the file, record and proceedings herein, and for the reasons stated, the court grants defendants' motions.

**BACKGROUND**

Defendant Midwest Coca-Cola Bottling Company ("Coca-Cola") hired pro se plaintiff Joseph Ramirez in 1981. In January of 2003, Coca-Cola placed plaintiff on a voluntary layoff, and plaintiff claims that he was never called back to work. (Am. Compl. at I.) Plaintiff alleges that in the spring of 2003 Coca-Cola told him to stay on his voluntary layoff and that he did so through September of 2003, when he suffered a heart attack. (Id. at II, V.) On October 16, 2003, plaintiff had a meeting with Ben Crockett, Coca-Cola's Human Resources Manager, who told plaintiff that he personally sent two certified letters to plaintiff's house and attempted to contact plaintiff numerous times by telephone. (Id. at III.) Based on plaintiff's failure to respond or contact the company, Coca-Cola thought plaintiff had quit. (Id.) Plaintiff told Crockett that he believed he had remained on voluntary layoff the entire time and never received the letters or phone calls.

In January of 2004, plaintiff contacted defendant Local Union No. 792, International Brotherhood of Teamsters ("Union"). The Union filed a grievance on plaintiff's behalf on June 17, 2004, alleging that plaintiff had been unjustly terminated and requesting his reinstatement. (See Yoswa Aff. Ex. B.) In response, Coca-Cola denied any violation of the collective bargaining agreement and replied only that plaintiff had been terminated because the company believed he had found other employment when he failed to contact

2

CASE 0:05-cv-02569-DSD-JJG   Document 33   Filed 10/02/06   Page 3 of 6

the company or return from his voluntary lay off.  (Id. Ex. C.) Following further investigation, on August 19, 2004, the Union decided not to pursue the grievance and informed plaintiff of his right to appeal that decision.  (Id. Ex. D.)  Plaintiff appealed, and on December 9, 2004, the Union's executive board denied his appeal.  (Id. Ex. F.)

On October 18, 2005, plaintiff commenced this action in Minnesota state court by serving the Union with a complaint that alleged the Union "never represented [him] like they should have or filed a grievance on [his] behalf in regards to returning to work." (Compl. at V.)  The Union construed plaintiff's allegation as stating a claim that the Union failed to fairly represent him with respect to his rights under the collective bargaining agreement, in violation of the Labor Management Relations Act.  (See Yoswa Aff. Ex. A.)  Accordingly, the Union removed the action to this court invoking the court's federal question jurisdiction pursuant to 28 U.S.C. § 1331.  See 29 U.S.C. § 185(a).  On March 27, 2006, upon leave of court, plaintiff filed an amended complaint against the Union and also named Coca-Cola a defendant.  In the amended complaint plaintiff repeats the factual allegations set forth in the original complaint but does not state a claim for relief against either defendant.  Rather, plaintiff asks the court for permission "to bring up everything that has happened to [him] during [his] employment at Midwest Coca-Cola Bottling Company."

3

(Am. Compl. at VI.)  The Union now moves for summary judgment, and Coca-Cola moves to dismiss the complaint with prejudice or, in the alternative, for summary judgment.

## DISCUSSION

### I.  Standard of Review

Under the notice pleading standards set forth by the Federal Rules of Civil Procedure, a plaintiff need only set forth a "short and plain statement of the claim" sufficient to show entitlement to relief.  Fed. R. Civ. P. 8(a).  The court construes a *pro se* complaint liberally and takes the factual allegations contained therein to be true.  See Stone v. Harry, 364 F.3d 912, 914 (8th Cir. 2004) (citing Estelle v. Gamble, 429 U.S. 97, 106 (1976)); Turner v. Holbrook, 278 F.3d 754, 757 (8th Cir. 2002).  The court construes the pleadings as a whole "'to do substantial justice.'" Shurgard Storage Centers v. Lipton-U. City, LLC, 394 F.3d 1041, 1046 (8th Cir. 2005) (quoting Fed. R. Civ. P. 8(f)).

Summary judgment is appropriate "'if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law.'"  Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986) **(quoting Fed. R. Civ. P. 56(c))**.  A fact is material if its resolution would affect the outcome of the case.

4

Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). A dispute is genuine if the evidence is such that a reasonable jury could return a verdict for either party. See id. at 252.

**II. Statute of Limitations**

Section 301 of the Labor Management Relations Act contemplates lawsuits by individual employees against an employer for breach of a collective bargaining agreement and against a union for breach of its duty of fair representation. See Jones v. United Parcel Serv., Inc., — F.3d —, No. 05-2202, 2006 WL 2404041, at *9 (8th Cir. Aug. 22, 2006); Scott v. United Auto., 242 F.3d 837, 839 (8th Cir. 2001). Affording the collective factual allegations in plaintiff's complaint and amended complaint a *very* liberal construction, the court finds that plaintiff sets forth a claim that the Union failed to fairly represent him following his termination, in violation of § 301 of the Labor Management Relations Act, as well as a "hybrid § 301 claim" against Coca-Cola for breach of the collective bargaining agreement. See 29 U.S.C. § 185; Scott, 242 F.3d at 839.

A six-month statute of limitations applies to claims brought against an employer or a union under § 301. DelCostello v. Int'l Bhd. of Teamsters, 462 U.S. 151, 170 (1983); Tripp v. Angelica Corp., 921 F.2d 794, 795 (8th Cir. 1990). A cause of action under § 301 against either defendant accrues on the date the union decided not to pursue a plaintiff's grievance about his discharge. Gustafson v. Cornelius Co., 724 F.2d 75, 79 (8th Cir. 1983). The

statute of limitations begins to run when an employee "should reasonably have known of the union's alleged breach." Scott, 242 F.3d at 839 (internal quotations and citations omitted).

In this case, plaintiff's causes of action against Coca-Cola and the Union accrued, at the very latest, on December 9, 2004, when the Union's executive board declined to reconsider its August 19 decision not to pursue plaintiff's grievance. (See Yoswa Aff. Exs. D, F.)  Plaintiff commenced this action on October 18, 2005, more than ten months after the Union decided not to arbitrate his grievance.  Therefore, plaintiff's § 301 claims against Coca-Cola and the Union are time-barred, and summary judgment in favor of defendants is warranted.

## CONCLUSION

Accordingly, **IT IS HEREBY ORDERED** that:

1. Defendant Union's motion for summary judgment [Docket No. 21] is granted; and

2. Defendant Coca Cola's motion for summary judgment [Docket No. 26] granted; and

3. Defendant Coca Cola's motion to dismiss with prejudice [Docket No. 26] is denied as moot.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

Dated:  October 2, 2006

                                                s/David S. Doty
                                                David S. Doty, Judge
                                                United States District Court